[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Both parties appeared and were represented by counsel. All statutory stays having expired, the court has jurisdiction.
Having heard the evidence, the court finds as follows:
The plaintiff and defendant, whose maiden name was Dailey, intermarried at Norwich, Connecticut on April 9, 1990; that the plaintiff has resided continuously in Connecticut for a period of one year next preceding the date of the filing of this complaint; that there are no minor children issue of the marriage; that there were no other minor children born to the plaintiff since the date of the marriage of the parties; that the marriage has broken down irretrievably and that there is no hope of reconciliation.
The parties have different opinions as to the cause of the breakdown in their marriage. Plaintiff attributes the breakdown to lack of communication, no sex for three years, defendant's CT Page 9779 locking her out of the home, the presence of guns in the home while defendant was cracking up and that he left nasty notes for the plaintiff.
Defendant claims that the plaintiff was never home as she was always working; that she never cooked for him, that she didn't properly pay bills out of the joint checking account resulting in his being called by creditors; that he did change the locks on the home when plaintiff disregarded his ultimatum not to return home if she attended weekend classes for her business, and that he did not threaten plaintiff.
Although the defendant does not want the marriage to be dissolved, he agrees to it since plaintiff wants it. Therefore, the court finds that the marriage has irretrievably broken down without any hope for reconciliation. I find the parties equally responsible for the breakdown.
The plaintiff, who appears to be in good health, graduated high school. Although she has been employed during the marriage, her income has averaged around $200 per week. Presently she is employed at Better Val-U as a cashier earning a net weekly income of $213.71. Her prospects for continued employment seem good.
The defendant is 49 years of age and has been employed for 25 years by General Dynamics (Electric Boat) in Groton. He has a net weekly income of $487.59. Defendant's health, other than for several bouts with kidney stones, appears good. His continued employment also appears good.
The parties knew each other for 22 years. They got engaged in 1980 but did not marry until April 9, 1990.
In 1989, prior to their marriage, defendant's parents transferred their home, a raised ranch at 113 Newton St., Norwich, Connecticut, to the defendant with the agreement that they could live there.
Prior to the marriage, the defendant obtained a home equity loan of $30,000 to remodel the home to provide for the parties and defendant's mother. She pays $75 rent per month to the defendant.
The plaintiff helped in the improvements but was not on the equity loan as she did not own any interest in the home. CT Page 9780 Presently, the balance of the loan is approximately $26,000.
Plaintiff's expert testified that the present market value of the property is $116,000.00. (Plaintiff's Exhibit A).
According to defendant's expert the property had a market of value of $119,000 in 1990 and a present market value of $113,000. (Defendant's Exhibit 1.)
According to her financial affidavit, plaintiff has a 401K from Better Val-U with a present value of $2,830.12. The defendant has savings of $131, savings bonds of $4,000 and a defined pension plan.
Seventeen years of defendant's defined pension plan were earned prior to his marriage to the plaintiff. Therefore, the marital portion of his pension is 32%.
During the marriage defendant's income went into a joint checking account used to pay bills of the marriage. Plaintiffs income was used to purchase food, etc. She also tried, unsuccessfully, to operate a business known as Primerica Financial Services.
As indicated above, the Court finds that the parties were equally at fault for the breakdown of their marriage. A decree dissolving the marriage is awarded to the parties. After considering the factors in Connecticut General Statute §§46b-62, 81 and 82, the following orders are entered.
1. Defendant shall pay to the plaintiff alimony of $100 per week for a period of five years, non-modifiable as to term and amount. Said alimony shall sooner terminate on plaintiffs remarriage, death or cohabitation with an unrelated male. No alimony shall be paid to the defendant.
2. The defendant shall pay to the plaintiff the sum of $10,000 without interest within one year of this decree. If said amount is not paid within the time allotted, said amount shall carry interest in the unpaid balance of 7% per year until paid. Said sum shall be secured by a mortgage on the marital residence with the usual covenants, etc.
3. Plaintiff shall be entitled to 16% of defendant's defined pension by way of QDRO order which the defendant or his attorney CT Page 9781 shall prepare.
4. The plaintiff shall keep her 1992 Ford, her insurance and her Better Val-U 401K plan, her auto insurance claim free of any claim by the defendant.
5. The defendant shall keep the 1985 Ford Mustang, the 1991 Mazda, his Charter Oak Federal Credit Union and his savings bonds free of any claim by the defendant.
6. The defendant shall keep the marital home at 113 Newton St., Norwich, Connecticut free of any claim by the plaintiff except for her mortgage. He shall pay all liens and expenses connected with said property. He shall hold the plaintiff harmless on any claims connected to said property.
7. The parties shall divide the personalty listed on Defendant's Exhibit 2 as is indicated on said exhibit.
8. Each party shall be responsible for the debts listed on their respective financial affidavits and hold the other party free of any claims.
9. Each party shall pay their own attorney's fees.
Vasington, JTR